## DANIEL BARRY *vs.* CITY OF LOWELL.

No action lies against a city for a failure to keep a public sewer and cesspool in repair, whereby waste water accumulates and flows into the cellar of a neighboring house, which is not connected by a drain with the public sewer.

TORT to recover for damages sustained from a flow of water into the cellar of the plaintiff's house.

At the trial in this court, before *Metcalf*, J., it appeared that a public sewer had been built through the street upon which the plaintiff's house was situated, which was not laid deep enough

to drain the plaintiff's cellar, and no drain led from the cellar
to the sewer.   There was a cesspool opposite to the plaintiff's
house, which was frequently obstructed by dirt and gravel, and
in winter by snow and ice, which prevented the water from
passing freely through the same; and the water, in such cases,
flowed over into the plaintiff's cellar, though if the sewer and
cesspool were free from obstruction the water would all pass
through them.   The plaintiff complained to the authorities of
the city, and several times removed the obstructions himself.   A
verdict was taken for the plaintiff by consent, and the case re-
ported for the determination of the whole court.

　　*T. Wentworth*, for the plaintiff.

　　*A. R. Brown*, for the defendants.

　　MERRICK, J.   The damage for which the plaintiff seeks in this
action to recover compensation was caused by the overflow on
to his land and into the cellar of his dwelling-house, in conse-
quence of the inattention and negligence of the defendants in
keeping open and in proper repair one of their main drains and
common sewers, of the surface water collected on one of the
highways in the city.   It is a general rule that no action lies at
common law against a town for an injury sustained through
any defect in a highway.   *Mower* v. *Leicester*, 9 Mass. 247.
*Sawyer* v. *Northfield*, 7 Cush. 494.   And no remedy is given by
any statute for such an injury as is described in the declaration.
But the plaintiff relies upon the decision in the case of *Child* v.
*Boston*, 4 Allen, 41, in which it was held that the defendants,
upon the facts disclosed in that case, were liable to the plaintiff
for the damage occasioned by surplus water forced back upon
the plaintiff's land by suffering their common sewer to be
stopped up and obstructed, so that no water could pass through
or be discharged from the same.   The reason why they were
held liable in that case is, that the city ordinance requires all
the particular drains from private estates to be entered into the
main and common drains of the city, and to be laid and con-
structed under the direction of the board of aldermen.   The
owner of a private estate has therefore in such case no means
of protecting it against the accumulation of water by the fall

of rain or the melting of snow, if the city suffers its common sewer to be out of repair, or negligently stopped up and obstructed. As the city assumes to regulate the whole subject, and compels all individuals to conform to and comply with their ordinances, it results by necessary implication that they make themselves liable for whatever mischief or injury necessarily results from any negligence or omission of duty on their part.

But in the present case the defendants never by any act or ordinance required the plaintiff to draw the water from his land, or to make his private or particular drain open into their common sewer, but left him to manage his estate as he should think most for his own interest or advantage. He never connected or sought to connect any drain from his land with the common sewer of the city; and in fact he could not effectually have done so without alteration of the estate, for it appears that his cellar was below the lowest part of the common sewer.

Since the plaintiff was not required to conform his drainage to that which the city had provided for public purposes, and had in fact never made use in that way of the common sewer which they had constructed, he had a right to prevent the overflow of water from it on to his own land by erecting such obstructions there as were necessary for that purpose. But if he omitted to do so, and sustained damage in consequence of the failure of the defendants to keep their own works in good order or in due repair, he can maintain no action therefor, because none is provided for by statute, and because by the use of lawful means he might himself have prevented the injury. This principle was fully determined in the case of *Flagg* v. *Worcester*, 13 Gray, 601. In that case it appeared that the defendants knowingly and intentionally diverted the water from the highway in such manner that it necessarily fell and was discharged on to the plaintiff's land; yet it was held that an action to recover the damages occasioned by it could not be maintained. It is obvious that the neglecting to adopt suitable means to prevent the occurrence of particular injurious acts cannot be more culpable than the intentional doing of the acts themselves; and that if the latter would not afford a legal cause of action, none can be

maintained for any of the consequences resulting from such alleged negligence.

The verdict, which was for the plaintiff, is to be set aside, and judgment is now to be entered for the defendants.