## LIABILITY OF MUNICIPALITY FOR DAMAGES CAUSED BY ESCAPING SEWAGE.

Circuit Court of Cuyahoga County.

MARY KRAZEWESKI V. THE VILLAGE OF BEREA.

Decided, November 12, 1906.

*Res Adjudicata No Bar Unless Issues Are Identical—Nuisance—City Liable for Maintaining Defective Sewer.*

1. In an action for nuisance the issue of *res adjudicata* is not raised by averments that the property involved and the nuisances complained of are identical with those involved in a former suit without averment of the identity of issues joined.

2. A municipality is liable in damages for mantaining a defective sewer in such condition that sewage is allowed to seep or percolate through the subsoil, and into the cellar of an adjoining property owner.

*Blandin, Rice & Ginn,* for plaintiff in error.
*A. W. Lamson,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In this proceeding in error the parties stand as they stood below. The action there (wherein a verdict for the defendant was directed) was for damages for injury to plaintiff's dwelling and to her enjoyment thereof, because of sewage seeping into her sub-cellar from a faulty sewer of the village of Berea in the street opposite her premises. A second cause of action likewise complains of foul odors from the neighboring open mouth of said sewer and the deposit therefrom which lodges on a shelf of rock between it and the river below.

The answer denies that the sewer is faulty and denies that plaintiff has suffered injury therefrom. It avers also that plaintiff acquired title to the premises shortly before the commencement of her action, having, however, with her husband and children, for many years before, occupied said property, in the same condition as that in which it has since been and now is; that during that period her husband, as head of the family and with

her connivance, had commenced two actions for damages for injury to their possession and enjoyment of said premises by the same alleged nuisances as are complained of now, and that both said actions were, to the knowledge of plaintiff when she acquired the said title, "fully decided and determined against the claim and contention" as made by her husband.

The reply alleges that the former litigation related to the family's possession and enjoyment of the property and not, as here, to the fee; also that plaintiff was then the equitable and beneficial owner of the property, having only recently acquired the legal title, but without being successor in title to her husband.

With respect to the matters last mentioned, it is enough to say, first, that the wife is shown to have been the real owner of the property ever since the alleged nuisance arose, and, secondly, that whatever might be the merits of a proper plea of former adjudication, no such defense is presented on this record. The identity of the nuisances and of the property involved in these three suits is averred, but not the identity of issues joined (*Koelisch* v. *Mixer*, 52 O. S., 207, 211). We therefore say nothing about the further questions of identity of parties and of subject-matter.

We see no reason why the court should have excluded evidence or directed a verdict with respect to the second cause of action alleged in the petition below, unless it was on the assumption that there had been a former adjudication of that matter. This reason, as we have indicated, is not well founded and the evidence excluded at pages 15 and 21 of the bill of exceptions should have been admitted.

As to the first cause of action, it is contended by counsel for the village that no defect in the sewer has been proved, and, at all events, that no causal connection is shown between the alleged faults in the sewer and the flooding of plaintiff's sub-cellar. But evidence was offered of a stream of water entering the cellar through a hole made by thrusting a bar horizontally into the soil towards the sewer when the mouth thereof was choked with ice, and of the instant subsidence of that stream when the ice was removed. This event, it is true, occurred more than four years

before the commencement of this action, and hence without the period for which damages for a continuing nuisance may be recovered (*Railway Co.* v. *O'Harra,* 50 Ohio State, 667, 679). But it was perfectly competent for the plaintiff to show that the sewer had previously occasioned similar damage, for the purpose of proving that the same cause thereafter might probably have produced the like effect (*Brewing Co.* v. *Bauer,* 50 O. S., 560). It was of course necessary to show further that the condition of the sewer remained unchanged. It follows that the court erred in excluding the evidence tendered at page 35, of the incident just referred to, for its tendency was to show that the sewer was in some way defective so as to permit the escape of sewage through the soil towards plaintiff's cellar. *5 Thompson's Commentaries of the Law of Negligence,* Section 5894.

But it is said on behalf of the village that the mere percolation or seeping of sewage through the soil to and into another's premises is not an actionable wrong, for the rule is analogous to that of the interception or diversion of percolating natural waters. This question is, however, expressly reserved in *Elster* v. *Springfield,* 49 O. S., 82, 94, and 101, and the clear weight of authority is against the contention made. *Mears* v. *Dole,* 135 Mass., 508; *Beatrice Gas Co.* v. *Thomas,* 41 Neb. 662; *Wheatley* v. *Baugh,* 64 Am. Dec., 729; *Kinnaird* v. *Standard Oil Co.,* 89 Ky., 468.

It is, however, the settled law that where a municipality brings either sewage or surface water and casts it upon another's land where it would not of itself naturally flow, it must ordinarily answer in damages therefor. The rule and its limitations are clearly shown in *Gilluly* v. *The City of Madison,* 63 Wis., 518; *Barry* v. *The City of Lowell,* 90 Mass., 127, and *Cincinnati* v. *Penny,* 21 O. S., 500.

For the error in excluding the evidence offered at pages 15, 21 and 35, and in directing a verdict for the defendant the judgment below is reversed and the cause remanded.